IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-HC-2248-FL

| | | |
|---|---|---|
| RUBEN DILKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KENNY ATKINSON, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal inmate, filed this habeas petition pursuant to 28 U.S.C. § 2241 (DE 1). The matter is before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

On September 9, 2003, petitioner was charged in a one–count indictment with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Pet. (DE 1) 1. He was convicted by a jury in the United States District Court for the Western District of Texas, and sentenced as an Armed Career Criminal under 18 U.S.C. § 924(e), to 188 months imprisonment. Id. Petitioner appealed, and the United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence. See United States v. Dilks, 135 F. App'x 653 (5th Cir. 2005) (per curiam).

Petitioner challenges the application of the armed career criminal sentencing enhancement under § 924(e) to his federal sentence. Although petitioner filed his claim under 28 U.S.C. § 2241, he attacks the legality, rather than the execution, of his sentence. Specifically, petitioner asserts that, under Johnson v. United States, 135 S. Ct. 2551 (2015), he lacks the

necessary predicate convictions to be an armed career criminal. See Pet. (DE 1) 2. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. If petitioner cannot establish all three elements, then the court must dismiss his § 2241 petition for lack of jurisdiction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam).

The conduct of which petitioner was convicted—possession of a firearm by a felon—remains criminal, and petitioner does not allege that he is actually innocent of his crime of conviction. Cf. Farrow v. Revell, 541 F. App'x 327, 328–29 (4th Cir. 2013) (per curiam); Miller v. United States, 735 F.3d 141, 146 (4th Cir. 2013). As for petitioner's argument that his sentence was improperly enhanced, "Fourth Circuit precedent has … not extended the reach of the savings clause to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has … not extended the reach of the savings clause to those petitioners challenging only their sentence."); accord Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005) (per curiam); Farrow, 541 F. App'x at 328 (§ 2255's savings clause "only preserves claims in which petitioner claims actual innocence of

2

convictions and not just innocence of [a] sentencing factor"); Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (declining to extend § 2255's savings clause to include claim that prior conviction no longer is a crime of violence and not a proper predicate for enhancement to firearm possession sentence as a career offender); United States v. Pettiford, 612 F. 3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."). Moreover, numerous courts have rejected section 2241 petitions asserting Johnson claims as failing to satisfy the savings clause. See, Johnson v. Wilson, No. 1:15-cv-1273(LMB), 2016 WL 521512, at *3–4 (E.D.Va. Feb. 5, 2016); Keith v. Hanson, No. 1:15cv1604, 2015 WL 9319146, at *2 (N.D.Ohio Dec. 23, 2015); Fletcher v. Quintana, No. 5:15-286-DCR, 2015 WL 9413097, at *3 (E.D.Ky. Dec. 22, 2015); Middleton v. Spaulding, No. 1:15-CV-1441, 2015 WL 9026772, at *2–3 (M.D.Pa. Dec. 16, 2015); Greer v. Wilson, No. 15-CV-3094 (SRN/FLN), 2015 WL 7432336, at *5 (D. Minn. Nov. 23, 2015); Haygood v. Warden. Fed. Corr. Inst. Berlin. N.H., No. 15-CV-302-SM, 2015 WL 7099677, at *3 (D.N.H. Nov. 13, 2015). Because petitioner has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255.

The court cannot convert petitioner's § 2241 petition into a § 2255 motion because petitioner has previously filed such a habeas action. See, e.g., 28 U.S.C. § 2255(h). A second or successive § 2255 petition may not be brought prior to the appropriate court of appeals–in this case, the Fifth Circuit–certifying that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the

Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h); See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Petitioner has not shown either of these. Further, § 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a § 2255 motion. In re Jones, 226 F.3d at 333; Vial, 115 F.3d at 1194 n.5. Petitioner has not obtained permission from the Fifth Circuit to pursue a second or successive habeas petition. Therefore, he cannot proceed under § 2241 or § 2255, and he may not proceed with his Johnson claim pursuant to 28 U.S.C. § 2241. This action is DISMISSED without prejudice.[1]

SO ORDERED, this the 15th day of March, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] The circuits are split concerning whether Johnson applies retroactively on collateral review. *See In re Franks*, No. 15-15456-G, 2016 WL 80551, at *8 (11th Cir. 2016); *In re Starks*, 809 F.3d 1211, 1212 (l1th Cir. 2016) (per curiam); *In re Watkins*, No.15-5038,2015 WL 9241176, at *4 (6th Cir. Dec. 17, 2015) (collecting cases); *Woods v. United States*, 805 F.3d 1152, 1154 (8th Cir. 2015) (collecting cases). The Fourth Circuit has not addressed the issue. The Fifth Circuit has concluded that *Johnson* does not apply retroactively because it does not announce a substantive rule of constitutional law. *See In re Williams*, 806 F.3d 322, 325–26 (5th Cir. 2015). On January 8, 2016, the Supreme Court granted certiorari in a case that presents this question. *Welch v. United States*, 136 S. Ct. 790 (2016) (granting certiorari).